## N. Y. SUPERIOR COURT.

ABNER H. McCORMICK and another agt. JOHN B. SARSON.

A *partial failure of consideration*, upon a contract for the sale of lumber of different qualities, can be set up only in the answer by way of *recoupment of damages*. If not so set up as a defense, *pro tanto*, proof of a failure to perform the contract, where there has been a delivery of the lumber, cannot defeat a recovery; consequently if such proof is offered to show an inferior quality of lumber; it is, under the pleadings, properly excluded.

*General Term, March,* 1869.

APPEAL from judgment for plaintiffs, rendered at special term.

M. D. SMITH, *for appellants.*
L. K. MILLER, *for respondent.*

*By the court*: MONELL, J. There are two exceptions only in this case which we can examine, namely, to the exclusion of the evidence of quality, and to the exclusion of a copy of the defendant's letter. As to the third exception, namely, the instruction to the jury, we have no means of determining its correctness, as we are not furnished in the printed case with any of the evidence on the part of the plaintiff, and we must presume that it was sufficient to authorize the instruction.

The complaint alleged an agreement by the plaintiffs to sell and deliver to the defendant "all the sawed lumber then in the yard of a saw-mill at Cedar Keys, Florida, at a price per 1,000 feet as follows: for prime lumber, $17; for merchantable lumber, $15; for refuse lumber, $8; for round logs, $7." The answer denied the complaint, and set up fraud in procuring the contract, and other defenses.

McCormick agt. Sarson.

The printed case, without giving any of the evidence on the part of the plaintiffs, states that after the plaintiffs had closed their case, the defendant offered to show that all the lumber for which the action was brought, as prime, and a large portion for which the action was brought as merchantable, was not prime or merchantable, but was only refuse and of inferior quality. The evidence was rejected, and the defendant excepted.

Under the pleadings, I think the evidence was properly excluded. A partial failure of consideration could be set up only by way of recoupment of damages, and should be set up in the answer. If not set up as a defense, *pro tanto*, proof of a failure to perform the contract, where there had been a delivery of the commodity, would not defeat a recovery. (*Story on Sales*, § 448). That the contract called for particular qualities or kinds of lumber, and the plaintiff had to prove delivery of certain numbers of feet of each kind and quality, did not make it proper to prove, unless it was made a defense by the answer, that the quality was inferior. The defendant having accepted a delivery, he could only recoup his damages if the quality proved inferior; and, therefore, as the pleadings were, the evidence was wholly immaterial, and for all these reasons was properly kept out of the case.

In regard to the exclusion of the copy of the defendant's letter, little need be said. There was not sufficient evidence of the original having been sent, nor was there any notice to produce the original, all of which was necessary to let in secondary proof.

The case is so badly made up, that we are left mostly to conjecture as to what transpired on the trial. But as every intendment is in favor of the correctness of the judgment, it must be affirmed.